Peter A. Leeming SBN 119124
Law Offices of Peter A. Leeming
108 Locust Street, Suite 7
Santa Cruz, CA 95060

Telephone (831) 425-8000

Attorney for defendant DENNIS COLLINS

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | )   No. CR-11 00471 DLJ [PSG] |
| | ) |
| **Plaintiff,** | ) **DEFENDANT DENNIS COLLINS'** |
| | ) **NOTICE OF MOTION AND** |
| **vs.** | ) **MOTION FOR** |
| | ) **RECONSIDERATION OF ORDER** |
| **DENNIS COLLINS, et al,** | ) **PROHIBITING INTERNET USE** |
| | ) |
| | ) **Date: October 4, 2012** |
| **Defendants** | ) **Time:10:30 A.M.** |
| | ) |

To: The United States of America, and to Matthew A. Parrella and Hanley Chew, Assistant United States Attorneys:

PLEASE TAKE NOTICE that on October 4 2012 at 10:30 A.M., defendant Dennis Collins will move this Court to reconsider its May 4, 2012 Order prohibiting his from accessing the Internet as a condition of his release.

This Motion is based on this Notice, the record of this case, the attached Memorandum of Points and Authorities, and such further argument and evidence as may be presented at the hearing of the Motion.

Respectfully submitted,

Dated: September 19, 2012          By: _Peter A. Leeming_
                                   Peter A. Leeming, Attorney for
                                   Defendant, Dennis Collins

## MEMORANDUM OF POINTS AND AUTHORITIES

### I: INTRODUCTION

On May 3, 2012, Mr. Collins personally appeared before the Court following a report of a positive marijuana test.  The Court remanded Mr. Collins into custody, but allowed counsel to move for a reconsideration of Mr. Collins custody status the following day.  On May 4, 2012, the Court released Mr. Collins from custody, but added a condition prohibiting Mr. Collins from using the internet.

On June 26, 2012 Mr. Collins filed a motion for leave to file a motion for reconsideration of the May 4 order.  The basis for Mr. Collins request for reconsideration of the order prohibiting internet use was that the order made it difficult for Mr. Collins and his attorney to effectively communicate and work together.  On July 5, 2012 the Court granted that request.  (Docket 294).  This Motion follows.

Mr. Collins contends that the continued prohibition of any and all Internet use will deprive him of the effective assistance of counsel and his right to effectively communicate with counsel.  Ultimately, the restriction will impede his right to prepare and present a defense to the serious charges in this matter.  He therefore respectfully requests that the order be rescinded.

1   **II: DISCUSSION**

2       This case involves allegations that a loosely associated group of people who

3   live in various parts of the country participated in a Distributed Denial of Service

4   (DDOS) attack on PayPal, Inc. and other alleged victims.  Mr. Collins lives in Ohio

5   and is not able to meet in person with his appointed attorney on a regular basis.

6       Because this case involves a large amount of electronic data, the defendants

7   collectively retained Mr. Russ Aoki as the discovery coordinator.  Mr. Aoki has, with

8   the assistance of a company called Access Data, coordinated the development of a

9   comprehensive online database of pertinent discovery.  The database is set up so that

10  each defense team may create confidential work product online and share it between

11  appropriate members of that team. Because he is not allowed to use the internet, Mr.

12  Collins is the only defendant who does not have the opportunity to review this

13  evidence and collaborate with his defense team.

14      The ability to access the discovery and coordinate with his attorney is

15  particularly important for Mr. Collins given the government's view of his role in the

16  case.  According to the search warrant for Mr. Collins' home, Mr. Collins became a

17  suspect following the search of Hurricane Electric servers on December 16, 2010.  A

18  digital evidence review of the server revealed numerous files logging the details of

19  IRC channels and private message conversations between persons suspected of

20  involvement in "operation payback" which included the PayPal DDOS attacks.  On

21  December 29, 2010, January 6, 2011 and January 8, 2011[1] the FBI obtained chat log

22  files detailing conversations in various different IRC channels before and during

23  "operation payback."  After an initial review of the data, Special Agent Emily Odom

24  _____

25  [1] The warrant gives the latter dates as January 6 and 8, 2010; however in context it is
apparent that the actual dates are in 2011.

1   conducted a text search for the word "iowa" and attempted to determine the context

2   in which the word "iowa" appeared.  Various examples of "iowa" participating in

3   IRC conversations are included in the search warrant affidavit.

4        Additional investigation associated "iowa" with an IP address subscribed to by

5   Jackie Collins, 6039 Douglas Road, Toledo, Ohio, and suggested that a person named

6   "denis" has posted information regarding  "operation payback."  Together, the

7   information in the search warrant suggests that the government believes Mr. Collins

8   to have been an IRC operator during at least some of "operation payback."

9        The internet restriction has a serious impact on the ability of Mr. Collins and

10   his attorney to analyze the discovery in this case, which includes gigabytes of IRC

11   chat logs and a large amount of other electronic information.  These logs are often

12   written in cryptic language and shorthand that is difficult for the non-initiated to

13   decipher.  The volume of the material makes it impractical to print out specific

14   documents and mail them from California to Ohio for comments and discussions.

15   And as mentioned above, the defense with the assistance of Mr. Aoki has specifically

16   designed an online collaborative database to review the material to avoid the

17   difficulties associated with the analysis of the discovery.  It is unfair to preclude this

18   defendant, and only this defendant, from access to this vital tool.

19        The Internet restriction impedes defense counsel's ability to effectively

20   investigate this case and prepare a defense.  Counsel has a constitutional obligation to

21   conduct a reasonable investigation enabling him to make informed decisions about

22   how best to represent his client.  "[C]ounsel has a duty to make reasonable

23   investigations or to make a reasonable decision that makes particular investigations

24   unnecessary." *Strickland v. Washimgton*, 466 U.S. 668, 691 (1984).  Appellate

25   courts have found counsel to be ineffective where he neither conducted a reasonable

investigation nor made a showing of strategic reasons for failing to do so. *See*

*Hendricks v. Vasquez*, 974 F.2d 1099, 1109  (9th Cir. 1992).  Here, it is the data

obtained that must be investigated, and counsel needs to work with Mr. Collins to

investigate it effectively.

The Internet restriction also impedes effective communication between Mr.

Collins and his attorney, given the unique facts of this case.  The Supreme Court has

repeatedly held that a defendantøs Sixth Amendment Right to counsel is violated if

the defendant is unable to communicate with his or her counsel during key trial

preparation times.  In *Riggins v. Nevada*, 504 U.S. 127, 144 (1992) the Court stated

that õWe have held that a defendantøs right to the effective assistance of counsel is

impaired when he cannot cooperate in an active manner with his lawyer.  *The*

*defendant must be able to provide needed information to his lawyer and to*

*participate in the making of decisions on his own behalf*ö (emphasis added).  *See*

*also, United States v. Chronic*, 466 U.S. 648, 659 n. 25 (1984); *Geders v. United*

*States,* 425 U.S. 80, 91 (1976) (holding that trial judge's order that counsel could not

communicate with defendant during overnight recess in the middle of trial violated

defendant's Sixth Amendment right).

This is a complex case with highly technical issues and substantial and novel

questions of fact and law.  Counsel needs his client to be an active participant in the

preparation of the defense.  Likewise, Mr. Collins needs his attorney to understand

the technical issues presented.

///

///

1       For these reasons, Mr. Collins respectfully requests that the condition of

2  release prohibiting him from using the Internet be rescinded.

3

4       Respectfully submitted

5

6       Dated: September 19, 2012     By:  *Peter A. Leeming*

7                            Peter A. Leeming, Attorney for

8                            Defendant, Dennis Collins