COOLEY LLP
JOHN C. DWYER (136533) (dwyerjc@cooley.com)
ANGELA L. DUNNING (212047) (adunning@cooley.com)
HEATHER DUNN NAVARRO (238158) (hdnavarro@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
Telephone:    (650) 843-5000
Facsimile:    (650) 857-0663

Attorneys for
eBAY INC. and PAYPAL INC.


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DENNIS COLLINS *et al.*,<br><br>Defendants. | Case No.    11-CR-00471-DLJ (PSG)<br><br>**NOTICE OF MOTION AND MOTION TO QUASH AND/OR MODIFY SUBPOENA AND FOR PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:    February 7, 2013<br>Time:    10:30 a.m.<br>Dept.:    5<br>Judge:   Hon. Paul Singh Grewal |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1091032 v4/HN

NOTICE/MOTION TO QUASH AND FOR
PROTECTIVE ORDER;
CASE NO. 11-CR-00471-DLJ (PSG)

# Table of Contents

|  | Page |
|---|---|
| NOTICE OF MOTION AND MOTION | 1 |
| MEMORANDUM OF POINTS AND AUTHORITIES | 1 |
| I. INTRODUCTION | 1 |
| II. RELEVANT BACKGROUND | 3 |
|    A. The Parties | 3 |
|    B. The Subpoena | 4 |
| III. ARGUMENT | 5 |
|    A. The Subpoena Should Be Quashed for Failure To Satisfy Rule 17(c)'s Stringent Requirements | 5 |
|       1. The Subpoena is fatally non-specific | 7 |
|       2. The Subpoena fails to establish that the documents sought are relevant | 9 |
|       3. The Subpoena fails to establish that the documents sought would be admissible at trial | 10 |
|       4. The Subpoena should be quashed to the extent it seeks documents that are publicly available or in the possession of the Government | 12 |
|       5. The Subpoena should be quashed as unreasonable and oppressive | 13 |
|    B. If the Subpoena Is Not Quashed In Its Entirety, It Should Be Modified To Lessen the Burden Imposed on eBay | 13 |
|    C. The Court Should Enter eBay's Proposed Protective Order if the Subpoena is Not Quashed | 18 |
|       1. The Court has discretion to enter a protective order for good cause to prevent disclosure of Rule 17 material | 18 |
|       2. Good cause exists for entry of eBay's proposed protective order | 19 |
| IV. CONCLUSION | 22 |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1091032 v4/HN

i.

NOTICE/MOTION TO QUASH AND FOR
PROTECTIVE ORDER;
CASE NO. 11-CR-00471-DLJ (PSG)

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Alderman v. United States,*
   394 U.S. 165 (1969) ................................................................................ 18, 19

*Bittaker v. Woodford,*
   331 F.3d 715 (9th Cir. 2003) .................................................................. 18

*Bowman Dairy Co. v. United States,*
   341 U.S. 214 (1951) ............................................................................. 2, 6, 7

*Klayman v. Judicial Watch,*
   247 F.R.D. 19 (D.D.C. 2007) ................................................................. 19

*Misc. Dkt. Matter 1 v. Misc. Dkt. Matter 2,*
   197 F.3d 922 (8th Cir. 1999) ................................................................. 19

*Seattle Times Co. v. Rhinehard,*
   467 U.S. 20, 36 (1984) .......................................................................... 19

*United States v. Ail,*
   No. CR 05-325-RE, 2007 WL 1229415 (D. Ore. Apr. 24, 2007) ............................ 9

*United States v. Arditti,*
   955 F2d 331 (5th Cir.), *cert. denied*, 506 U.S. 998 (1992) ............................ 8, 9, 12

*United States v. Armstrong,*
   No. C 11-777 PJH (DMR), 2012 WL 4953079 (N.D. Cal. Oct. 17, 2012) ............... 20, 21

*United States v. Arredondo,*
   CR-12-1055PHX-FJM (LOA), 2012 WL 1946955 (D. Ariz. May 30, 2012) .............. 19

*United States v. Ball,*
   Nos. 99-20029-01 JWL, 99-20029-02 JWL, 99-20029-03 JWL, 1999 WL 974028 (D.
   Kan. Aug. 11, 1999) ............................................................................... 7

*United States v. Bermingham,*
   C.R. No. H-02-597, 2007 WL 1052600 (S.D. Tex. Apr. 5, 2007) ...................... 6, 8

*United States v. Coriaty,*
   No. 99CR1251(DAB), 2000 WL 1099920 (S.D.N.Y. Aug. 7, 2000) ...................... 8

*United States v. Crosland,*
   821 F. Supp. 1123 (E.D. Va. 1993) ........................................................ 6, 7

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1091032 v4/HN

ii

NOTICE/MOTION TO QUASH AND FOR
PROTECTIVE ORDER;
CASE NO. 11-CR-00471-DLJ (PSG)

*United States v. Cuthbertson,*
   630 F.2d 139 (3d Cir. 1980).............................................................. 6, 10, 11, 18

*United States v. Daigle,*
   No. CR.A. 92-0312, 1993 WL 85936 (E.D. La. Mar. 11, 1993) ...................................... 9, 10

*United States v. Davis,*
   809 F.2d 1194 (6th Cir. 1987)............................................................................ 19

*United States v. Eden,*
   659 F.2d 1376 (9th Cir. 1981)............................................................................ 12

*United States v. Eldridge,*
   No. 09 CR 329A, 2010 WL 3749060 (W.D.N.Y. Sept. 10, 2010) ...................................... 20

*United States v. Hardy,*
   224 F.3d 752 (8th Cir. 2000)............................................................................ 7, 9

*United States v. Jackson,*
   155 F.R.D. 664 (D. Kan. 1994)............................................................................. 8

*United States v. Kalter,*
   5 F.3d 1166 (8th Cir. 1993), *cert. denied*, 528 U.S. 845 (1999) ...................................... 7, 13

*United States v. Lee,*
   374 F.3d 637 (8th Cir. 2004)............................................................................. 21

*United States v. MacKey,*
   647 F.2d 898 (9th Cir. 1981)............................................................................... 6

*United States v. Mason,*
   Nos. CR 05-324-RE, CR 05-326-RE, CR 05-328 RE, CR 05-329 RE, CR 05-330-RE,
   2008 WL 1909115 (D. Or. Apr. 25, 2008)................................................................ 10

*United States v. Najaran,*
   164 F.R.D. 484 (D. Minn. 1995)......................................................................... 10

*United States v. Nixon,*
   418 U.S. 683 (1974) ................................................................................. passim

*United States v. Patkar,*
   Cr. No. 06-00250 JMS, 2008 WL 233062, at *4 (D. Haw. Jan. 28, 2008).......................... 19

*United States v. Reed,*
   726 F.2d 570 (9th Cir.), *cert. denied*, 469 U.S. 871 (1984)................................. 2, 7

*United States v. Reyes,*
   239 F.R.D. 591 (N.D. Cal. 2006) ..................................................................... 6, 8, 10, 12

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1091032 v4/HN

iii.

NOTICE/MOTION TO QUASH AND FOR
PROTECTIVE ORDER;
CASE NO. 11-CR-00471-DLJ (PSG)

*United States v. Rezaq,*
    156 F.R.D. 514 (D.D.C. 1994) ................................................................. 21, 22

*United States v. Roach,*
    164 F.3d 403 (8th Cir. 1998) ................................................................... 7

*United States v. Skilling,*
    Criminal No. H-04-025, 2006 WL 1006622, at *2 (S.D. Tex. Apr. 13, 2006) ............... 7, 9, 11

*United States v. Tomison,*
    969 F. Supp. 587 (E.D. Cal. 1997) .......................................................... 12

*United States v. Wecht,*
    484 F.3d 194 (3d Cir. 2007) ................................................................ 19

*Weatherford v. Bursey,*
    429 U.S. 545 (1977) ......................................................................... 2

**STATUTES**

18 U.S.C. § 1030 ................................................................................. 4

Fed. R. Crim. P. 16(d) .......................................................................... 21

Fed. R. Crim. P. 16(d)(1) ....................................................................... 18

Fed. R. Crim. P. 17(c) ....................................................................... passim

Fed. R. Crim. P. 17(c)(1) ........................................................................ 6

Fed. R. Crim. P. 17(c)(2) ............................................................. 2, 6, 7, 8, 13

Federal Rule of Civil Procedure 26(c) ........................................................... 19

Federal Rule of Evidence 401 ..................................................................... 9

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1091032 v4/HN

iv.

NOTICE/MOTION TO QUASH AND FOR
PROTECTIVE ORDER;
CASE NO. 11-CR-00471-DLJ (PSG)

1   <u>**NOTICE OF MOTION AND MOTION**</u>

2   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3         PLEASE TAKE NOTICE that on February 7, 2013, at 10:30 a.m., or as soon thereafter as

4   this motion ("Motion") may be heard before the Honorable Paul Singh Grewal in Department 5 of

5   the United States District Court, San Jose, non-parties eBay Inc. and PayPal Inc. (hereinafter,

6   "eBay") will and hereby do move to quash the Subpoenas Duces Tecum (the "Subpoena") served

7   on them by defendants Ethan Miles and Joshua Covelli, which are identical.  In the alternative,

8   eBay moves for an order modifying the Subpoena and approving eBay's proposed protective

9   order in the form of Exhibit C to the Declaration of Angela L. Dunning ("Dunning Decl.") filed

10   concurrently herewith.   The Motion is based on the following Memorandum of Points and

11   Authorities, the Dunning Declaration, all pleadings and papers on file in this action, and such

12   other matters as may be presented to the Court at the hearing.

13   <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

14   **I.    INTRODUCTION**

15         In 2010, PayPal Inc. ("PayPal") fell victim to a Distributed Denial of Service ("DDoS")

16   attack – a hacking attack designed to take down PayPal's website by overloading its website and

17   systems with data.   The attack was perpetrated by members of the computer hacking group

18   known as "Anonymous" in retaliation for PayPal's decision to suspend a donation account

19   belonging to WikiLeaks.  Defendants Ethan Miles and Joshua Covelli are two of the individuals

20   charged in this criminal action with conspiring to harm PayPal through the DDoS attack.

21   Pursuant to Federal Rule of Criminal Procedure 17(c), these defendants have served identical

22   subpoenas duces tecum (the "Subpoena") on PayPal and its parent company, eBay Inc.

23   (collectively, "eBay"), seeking a broad and ill-defined set of materials – some of which are

24   extremely sensitive – that would, if disclosed, jeopardize eBay's network security and place eBay

25   at serious risk of future attacks by defendants and others.  By this motion, eBay seeks to quash the

26   Subpoena.   Short of such relief, eBay seeks modification of the Subpoena and a two-tiered

27   protective order restricting use and disclosure of documents produced by eBay in response to the

28   modified Subpoena.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1091032 v4/HN                 1.                 NOTICE/MOTION TO QUASH AND FOR
                                                 PROTECTIVE ORDER;
                                                 CASE NO. 11-CR-00471-DLJ (PSG)

1

2   As the United States Supreme Court has explained, a criminal defendant has no general

3   constitutional right to discovery. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Rather, a

4   defendant's ability to subpoena documents from a third party stems from Rule 17(c). *United*

5   *States v. Nixon*, 418 U.S. 683, 699–700 & n.12 (1974). Rule 17(c) is not a discovery device and

6   "was not intended to provide an additional means of discovery" to criminal defendants. *Bowman*

7   *Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). Its purpose is to "expedite trial" by

8   affording an opportunity to review in advance evidence that a party believes in good faith is likely

9   to be admitted in evidence at trial. *Id.* Accordingly, it is well settled that a Rule 17(c) subpoena

10  should be quashed unless the subpoenaing party satisfies its burden to demonstrate the relevancy,

11  admissibility and specificity of each item sought. *Nixon*, 418 U.S. at 700; *United States v. Reed*,

12  726 F.2d 570, 577 (9th Cir.), *cert. denied,* 469 U.S. 871 (1984) (citations omitted). Even if these

13  requirements are met, the court has discretion to quash the subpoena if compliance would be

14  "unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). The court also has discretion, for good

15  cause, to enter a protective order to protect any materials produced in response to the subpoena.

16  The Subpoena fails to comply with Rule 17(c) and should be quashed for at least five

17  reasons. First, the requests in the Subpoena are fatally non-specific. The Subpoena fails to

18  specify the contents of the requested documents or the purpose for which they are being sought,

19  and defendants have made no such showing. Moreover, courts have routinely found that Rule

20  17(c) requests seeking "all" documents relating to a particular matter or investigation – as eight of

21  defendants' thirteen requests do – are improper and should be quashed. Second, defendants fail

22  to establish or explain how any of the documents falling within the broad categories sought by the

23  Subpoena would be relevant to their defense at trial. Third, defendants have made no showing of

24  admissibility. Even if the records sought contain exculpatory material (a fact defendants have

25  neither argued nor shown), they may not be subpoenaed under Rule 17(c) unless they are

26  admissible in evidence. Fourth, certain of the documents sought by the Subpoena are either

27  publicly available or in the possession of the Government. A Rule 17(c) subpoena should be

28  quashed where the documents sought are available from other sources. Fifth, given the

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1091032 v4/HN                    2.                    NOTICE/MOTION TO QUASH AND FOR
PROTECTIVE ORDER;
CASE NO. 11-CR-00471-DLJ (PSG)

1   overbreadth of the Subpoena and defendants' failure to explain why the voluminous and highly

2   sensitive documents sought are relevant to their defense and likely to be admitted at trial,

3   requiring non-party eBay to undertake the expensive and burdensome task of searching for,

4   collecting, reviewing and producing such documents is unreasonable and oppressive.

5          In light of the foregoing defects, the Court should quash the Subpoena in its entirety.

6   Alternatively, the Court should modify the Subpoena to require eBay to produce only those non-

7   privileged documents identified in Section III.B below.  In the event that eBay is ordered to turn

8   over such documents, all parties agree that their production should be subject to an appropriate

9   protective order.  However, Mr. Covelli's counsel disputes that the protective order should permit

10  eBay to designate materials for "Attorneys' Eyes Only" protection.  For the reasons set forth

11  below, a two-tiered protective order substantially in the form of Exhibit C to the Dunning

12  Declaration that provides Attorneys' Eyes Only protection to eBay's most sensitive documents is

13  critical to eBay's ability to safeguard the security of its websites and technology infrastructure.

14  eBay's proposed protective order: (1) requires eBay to designate its documents in good faith; (2)

15  limits the Attorneys' Eyes Only designation to "information which eBay reasonably believes will

16  harm its competitive position or compromise the security of its business or technology if the

17  information becomes known to a party other than eBay"; (3) allows defendants to challenge

18  eBay's designations;   (4) places the burden on eBay to justify its designations; and (5) is

19  otherwise fully consistent with defendants' constitutional rights. (*See* Dunning Decl., Ex. C ¶¶ 4,

20  9, 10.)  Accordingly, eBay respectfully requests that the Court enter eBay's proposed protective

21  order if the Subpoena is not quashed in its entirety.

22  **II.    RELEVANT BACKGROUND**

23          **A.    The Parties**

24          eBay is an online company that, among other things, operates a website (www.ebay.com)

25  that serves as an online marketplace in which millions of users buy and sell items of virtually

26  every kind.  PayPal is a wholly owned subsidiary of eBay that, among other things, enables

27  payments and money transfers to be made over the Internet.  The security of eBay's websites and

28  technology infrastructure are critical to eBay's ability to conduct and protect its business.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1091032 v4/HN                              3.                    NOTICE/MOTION TO QUASH AND FOR
                                                                 PROTECTIVE ORDER;
                                                                 CASE NO. 11-CR-00471-DLJ (PSG)

1     Defendants Miles and Covelli are alleged members of Anonymous, an online syndicate of

2   computer hackers motivated by political and social goals.  (Dkt. No. 1 (Indictment) ¶ 3.)  The

3   Indictment alleges that in December 2010, defendants launched a DDoS attack against PayPal to

4   overload and shut down its website in retaliation for its decision to suspend a donation account

5   belonging to WikiLeaks.  (*Id.* ¶¶ 4–7.)  Defendants are charged with conspiracy to damage

6   protected computers and aiding and abetting in violation of 18 U.S.C. § 1030.  (*Id.* ¶¶ 12, 17.)

7       **B.     The Subpoena**

8       In early 2012, defendant Miles served eBay with a subpoena duces tecum pursuant to Rule

9   17(c).   The Subpoena contains thirteen broad requests and seeks, among other things, all

10  documents relating to or mentioning any DDoS attacks on PayPal's sites occurring from

11  November 20, 2010 to December 30, 2010; eBay's efforts to investigate the attacks; and highly

12  sensitive technical information about eBay's network architecture and security hardware and

13  software. (Dunning Decl., Ex. A.)

14      In June 2012, eBay informed counsel for Mr. Miles, Graham Archer, that it would be

15  willing to produce certain materials responsive to the Subpoena pursuant to a two-tiered

16  protective order.  (Dunning Decl. ¶ 2.)  eBay provided him a draft of the Protective Order in July

17  2012.  (*Id.* ¶ 2.)  Although Mr. Archer represented to counsel for eBay that he was leading the

18  discovery effort on behalf of all defendants, that all defendants and their counsel were aware of

19  the Miles Subpoena and eBay's proposed protective order, and that the draft protective order was

20  largely acceptable to the group, subject to certain, limited edits, no edits have ever been provided

21  to eBay despite its repeated inquiry.  (*Id.* ¶ 3.)

22      On December 19, 2012, defendant Joshua Covelli served eBay with an identical subpoena

23  (collectively with the Miles subpoena, the "Subpoena").  (*Id.* ¶ 5 & Ex. A.)  By letter of the same

24  date, Mr. Covelli's counsel, Tom Nolan, confirmed that his client would be willing "to enter into

25  a limited protective order that restricts the use of these records for the criminal action."  (*Id.,* Ex.

26  A.)  However, when counsel for eBay, Angela Dunning, asked that Mr. Nolan coordinate with

27  Mr. Archer regarding eBay's proposed protective order, Mr. Nolan indicated that he found it

28  "completely unacceptable."  (*Id.* ¶ 6 & Ex. B.)  Ms. Dunning invited Mr. Nolan to provide

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1091032 v4/HN                4.

NOTICE/MOTION TO QUASH AND FOR
PROTECTIVE ORDER;
CASE NO. 11-CR-00471-DLJ (PSG)

specific comments to eBay's proposed protective order or to send a new draft protective order for review, but Mr. Nolan did not do so.  (*Id.*)

Instead, on December 27, 2012, Mr. Covelli moved for production of the documents sought by the Subpoena.  (Dkt. Nos. 398, 400.)  eBay filed a response on January 9, 2013, requesting a briefing schedule for challenging the Subpoena and seeking a two-tiered protective order.  (Dkt. No. 399.)  The Court heard oral argument on the motion on January 10, 2013, and ordered eBay to file a formal motion directed to the Subpoena by January 17, 2013.

Following the hearing, counsel for Mr. Covelli and eBay met and conferred regarding eBay's proposed protective order.  (Dunning Decl. ¶ 7.)  Mr. Covelli's counsel provided certain oral comments relating to one provision of the protective order (which eBay has endeavored to incorporate in Exhibit C to the Dunning Declaration).  Counsel for eBay thereafter invited Mr. Covelli's counsel to provide any additional comments or edits he had on the proposed protective order in an effort to narrow the issues for the Court, but Mr. Covelli's counsel did not do so.  (*Id.* ¶ 8.)

Pursuant to the Court's instruction at the hearing, eBay now submits this motion for entry of an order quashing the Subpoena or, in the alternative, for an order modifying the Subpoena and approving a two-tiered protective order in the form of Exhibit C to the Dunning Declaration.

## III.   ARGUMENT

### A.   The Subpoena Should Be Quashed for Failure To Satisfy Rule 17(c)'s Stringent Requirements

Federal Rule of Criminal Procedure 17(c) is the mechanism by which a criminal defendant may subpoena materials from a third party.  It provides in relevant part:

> (1) *In General.* A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.
>
> (2) *Quashing or Modifying the Subpoena.* On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1091032 v4/HN

5.

NOTICE/MOTION TO QUASH AND FOR
PROTECTIVE ORDER;
CASE NO. 11-CR-00471-DLJ (PSG)

1    Fed. R. Crim. P. 17(c)(1), (2).  Although the Rule states that a subpoena may order the production

2    of "any" documents, data or other objects, it is not a discovery device and "was not intended to

3    provide an additional means of discovery" to criminal defendants.  *Bowman Dairy*, 341 U.S. at

4    220–21; *United States v. MacKey*, 647 F.2d 898, 901 (9th Cir. 1981) ("[A] Rule 17(c) subpoena is

5    not intended to serve as a discovery tool [citations omitted], or to allow a blind fishing expedition

6    seeking unknown evidence . . . .") (citation omitted); *see also United States v. Cuthbertson*, 630

7    F.2d 139, 146 (3d Cir. 1980) (Rule 17(c) cannot be used to undercut the "strict limitation of

8    discovery in criminal cases found in [Federal Rule of Criminal Procedure] 16"); *United States v.*

9    *Reyes*, 239 F.R.D. 591, 597 (N.D. Cal. 2006) ("Rule 17(c) is not as broad as its plain language

10   suggests . . . .").  Rather, as the Supreme Court has explained, its purpose is to "expedite trial" by

11   affording an opportunity to review in advance evidence that a party believes in good faith is likely

12   to be admitted in evidence at trial.  *Bowman Dairy*, 341 U.S. at 220–21.  Accordingly, courts have

13   consistently interpreted and applied Rule 17 narrowly.  *Reyes*, 239 F.R.D. at 597 (Rule 17 "is

14   more narrow in scope than the corollary rules of civil procedure").

15          In *Nixon*, the Supreme Court articulated the showing a subpoenaing party must make

16   when a Rule 17(c) subpoena is challenged.  418 U.S. at 699–700.  To survive a motion to quash,

17   the proponent of the subpoena "must clear three hurdles: (1) relevancy; (2) admissibility; and

18   (3) specificity."  *Id.* at 700; *see also United States v. Crosland*, 821 F. Supp. 1123, 1129 (E.D. Va.

19   1993) (Rule 17(c) is designed to allow a party to obtain "specific, identifiable documents" such

20   that the party seeking documents must identify, with substantial specificity, precisely the

21   documents sought and the relevance and grounds for admissibility of such documents).  *Nixon*

22   also requires the subpoenaing party to show that: (4) "the documents are not otherwise

23   procurable" by exercise of due diligence; (5) the defendant "cannot properly prepare for trial"

24   without inspecting the documents in advance of trial; (6) "failure to obtain such inspection may

25   tend unreasonably to delay the trial"; and (7) the subpoena has been issued "in good faith and is

26   not intended as a general 'fishing expedition.'"  418 U.S. at 699–700.  These requirements are not

27   pro forma, they are "exacting requirements" which must be met by the party seeking the

28   subpoena.  *United States v. Bermingham*, C.R. No. H-02-597, 2007 WL 1052600, at *7 (S.D.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1091032 v4/HN                                6.                      NOTICE/MOTION TO QUASH AND FOR
                                                                    PROTECTIVE ORDER;
                                                                    CASE NO. 11-CR-00471-DLJ (PSG)

1    Tex. Apr. 5, 2007).  Finally, even if the subpoenaing has met the requirements of relevance,

2    admissibility, and specificity, the court may quash or modify a subpoena if production of the

3    materials would be "unreasonable or oppressive."  Fed. R. Crim. P. 17(c)(2); *see also United*

4    *States v. Roach*, 164 F.3d 403, 412 (8th Cir. 1998) (citing *United States v. Kalter*, 5 F.3d 1166,

5    1169 (8th Cir. 1993), *cert. denied*, 528 U.S. 845 (1999)) (If "the burden of producing subpoenaed

6    records greatly outweighs any relevance they may have to the case," the subpoena should be

7    quashed.)

8        The Subpoena comes nowhere close to clearing the *Nixon* hurdles.  Moreover, its

9    enforcement would be unreasonable and oppressive under the circumstances of this case.

10   Accordingly, the Subpoena should be quashed pursuant to Rule 17(c).

11            **1.       The Subpoena is fatally non-specific**

12       As an initial matter, the Subpoena should be quashed for failure to meet the threshold

13   requirement that the materials sought be specifically identified.

14       Rule 17(c) is designed to allow a party to obtain only "specific, identifiable documents."

15   *Crosland*, 821 F. Supp. at 1129.  The specificity requirement "serves to prevent a subpoena from

16   being converted into a license for what the Supreme Court in *Bowman Dairy*, [341 U.S. at 220],

17   decried as a 'fishing expedition to see what may turn up.'"  *United States v. Skilling*, Criminal No.

18   H-04-025, 2006 WL 1006622, at *2 (S.D. Tex. Apr. 13, 2006); *see also Reed*, 726 F.2d at 577

19   (Rule 17(c) does not "allow a blind fishing expedition seeking unknown evidence . . . .").  To

20   satisfy the specificity requirement, the defendant must specify: (1) why the materials are wanted;

21   (2) what information is contained in the documents; (3) why the documents would be relevant;

22   and (4) why the documents would be admissible at trial.  *United States v. Ball*, Nos. 99-20029-01

23   JWL, 99-20029-02 JWL, 99-20029-03 JWL, 1999 WL 974028, at *3 (D. Kan. Aug. 11, 1999)

24   (citations omitted).

25       It is not enough to simply name the title of the documents sought.  *Id.* at 345–46.  Nor

26   may the subpoenaing party speculate about the documents' content.  *United States v. Hardy,* 224

27   F.3d 752, 755–56 (8th Cir. 2000) (the subpoenaing party must "set forth what the subpoenaed

28   materials contain" and may not "speculate" as to the contents).  The requirement of specificity

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1091032 v4/HN                    7.                    NOTICE/MOTION TO QUASH AND FOR
PROTECTIVE ORDER;
CASE NO. 11-CR-00471-DLJ (PSG)

1   under Rule 17(c) is not satisfied if the proponent of the subpoena does not know what the

2   evidence consists of or what it will show.  *United States v. Arditti*, 955 F2d 331, 346 (5th Cir.),

3   *cert. denied*, 506 U.S. 998 (1992); *see also United States v. Coriaty*, No. 99CR1251(DAB), 2000

4   WL 1099920, at *8 (S.D.N.Y. Aug. 7, 2000) (stating, without factual support, what documents

5   "may reveal" fails specificity test).

6        Moreover, classic civil discovery demands for "any and all" documents of a particular

7   sort, "all documents relating or referring to" some issue or event, or entire files relating to a

8   particular subject matter are improper and should be quashed under Rule 17(c)(2).  *See Reed*, 726

9   F.2d at 577 (rejecting request for entire arson investigative files); *Reyes*, 239 F.R.D. at 605-06

10  (rejecting request for all documents relating to corporation's stock options grant programs);

11  *United States v. Jackson*, 155 F.R.D. 664, 668 (D. Kan. 1994) (rejecting subpoena for "any and

12  all documents," "all correspondence" and "all related records").  As the *Bermingham* Court

13  explained:

> Defendants' proposed subpoena duces tecum repeatedly asks for 'all' of whatever
> it is that follows, and what follows are listings of documents and other things on
> broad, sweeping subjects, sometimes over periods of months and sometimes over
> periods of years.  This comprehensive request for *all* documents, records, minutes,
> or whatever else is made without any showing that they or any of them are
> relevant, or that they or any of them would be admissible in evidence.  It is simply
> a broad discovery request such as may be used, or at least attempted, in civil case
> discovery.  Accordingly, [] the motion does not meet the exacting requirements of
> Criminal Procedure 17(c) and is an attempt 'to use the subpoena duces tecum as a
> discovery device, which it is not....'

20  2007 WL 1052600, at *7 (citations omitted).

21        Here, the defendants have not specified why any the documents are being sought or what

22  information is contained in the documents.  Notably, defendants do not even speculate on this

23  issue (which is, in any event, insufficient).  The defendants also fail to specify why any of the

24  documents sought are allegedly relevant to the defense or would be admissible in evidence at

25  trial.  And eight of the thirteen requests in the Subpoena improperly seek "all" documents and

26  communications relating to or mentioning a particular subject matter.  (*See, e.g.*, Dunning Decl.,

27  Ex. A, Request No. 1 (seeking "[a]ll documents . . . including written and electronic mail

28  maintained by eBay/PayPal mentioning or relating to distributed denial of service attacks

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1091032 v4/HN

8.

NOTICE/MOTION TO QUASH AND FOR
PROTECTIVE ORDER;
CASE NO. 11-CR-00471-DLJ (PSG)

1    ("DDOS") on PayPal sites and systems occurring from November 20, 2010 to December 30,

2    2010); Request No. 3 (seeking "[a]ll documents . . . including written and electronic mail and

3    notes or memoranda of meetings or conversations reflecting PayPal/eBay investigations of the

4    above referenced DDOS attacks, including but not limited to investigation by PayPal/eBay

5    employees, consultants and contractors"); Request No. 6 (seeking "[a]ll communications between

6    PayPal employees, consultants or contractors and law enforcement relating to the above

7    referenced DDOS attacks").)  As such, the Subpoena does not meet the exacting requirements of

8    Rule 17(c), is an improper attempt to use the Subpoena as a discovery device, and amounts to

9    nothing more than a fishing expedition.  The Subpoena should be quashed for lack of specificity.

10           **2.      The Subpoena fails to establish that the documents sought are relevant**

11           The Subpoena should also be quashed for defendants' failure to demonstrate that the

12   documents sought are relevant to their defense.

13           A Rule 17(c) subpoena calls for the production of evidence "relevant to the offenses

14   charged in the indictment." *Nixon*, 418 U.S. at 700; *see also United States v. Ail*, No. CR 05-325-

15   RE, 2007 WL 1229415 (D. Ore. Apr. 24, 2007) (granting government's motion to quash because

16   defendants could not demonstrate the relevancy of tax returns and financial records sought from

17   third-parties).  Under Federal Rule of Evidence 401, evidence is relevant if it tends to make a fact

18   of consequence in determining the action "more or less probable than it would be without the

19   evidence."  To demonstrate relevance, the defendants must show "more than the title of a

20   document and conjecture as to its contents." *Hardy*, 224 F.3d at 755 (quoting *Arditti*, 955 F.2d at

21   346).  To pass the relevance test, the defendants must "set forth what the materials contain, else

22   the court is left to speculate on the contents and the relevance." *United States v. Daigle*, No.

23   CR.A. 92-0312, 1993 WL 85936, at *2 (E.D. La. Mar. 11, 1993).

24           In *Skilling*, defendants indicted in connection with the collapse of Enron issued a Rule

25   17(c) criminal subpoena seeking documents from third party Arther Anderson, which had already

26   produced 2,000 working paper files in related civil litigation.  The subpoena described the

27   documents sought by giving the file number and bates stamp numbers from the related litigation

28   and also by identifying the documents "by individual page numbers." *Id.* at *2.  Notwithstanding

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1091032 v4/HN                          9.                    NOTICE/MOTION TO QUASH AND FOR
                                                             PROTECTIVE ORDER;
                                                             CASE NO. 11-CR-00471-DLJ (PSG)

1   this specificity, the court granted Arthur Anderson's motion to quash because "Defendants'

2   conclusory description of the evidence contained in the original documents they seek . . . and their

3   failure to explain why that evidence is relevant to the charges for which they are being prosecuted

4   are insufficient to satisfy Rule 17(c)'s relevancy requirement." *Id.* at *3.

5          Here, defendants have failed to articulate any reason why the documents they demand are

6   relevant to the charges against them or their defenses.  For example, the Subpoena demands:

7       • "All chat room logs or recordings relating to the above referenced DDOS
           attacks gathered by PayPal/eBay employees, consultants or contractors or
8          provided to PayPal/eBay by any third parties" (Request No. 4);

9       • "The model information and hardware specifications of all servers that
           received traffic as a result of the DDOS attacks referenced above" (Request
10         No. 10); and

11      • "Documentation of PayPal's network architecture as it existed in November
           and December of 2010, including but not limited to network maps, CPU load
12         sharing hardware and software, network traffic load sharing hardware and
           software, and security hardware and software." (Request No. 8.)
13

14   (Dunning Decl., Ex. A.)  Why do defendants want these documents?  What, specifically, do they

15   contain?  Do defendants actually believe that such documents are relevant to their case and, if so,

16   why?  Absent these necessary details, the Subpoena comes nowhere close to satisfying the *Nixon*

17   relevancy requirement.

18          **3.       The Subpoena fails to establish that the documents sought would be
                        admissible at trial**
19

20          Rule 17(c) subpoenas are "designed to procure documents that will be used at trial" and

21   that are "admissible with respect to the offenses charged in the indictment."  *United States v.*

22   *Mason*, Nos. CR 05-324-RE, CR 05-326-RE, CR 05-328 RE, CR 05-329 RE, CR 05-330-RE,

23   2008 WL 1909115, at *2 (D. Or. Apr. 25, 2008).   If the documents are not admissible in

24   evidence, they may not be subpoenaed under Rule 17(c). *Cuthbertson*, 630 F.2d 189, 195 (3d Cir.

25   1981) ("naked exculpatory material held by third parties that does not rise to the dignity of

26   admissible evidence simply is not within the rule"); *see also United States v. Najaran*, 164 F.R.D.

27   484, 487 (D. Minn. 1995) (subpoena requests were more like a "treasure hunt" than a "legitimate

28   effort to view evidence reasonably expected to be admitted at trial"); *Reyes*, 239 F.R.D. at 600

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1091032 v4/HN                              10.

NOTICE/MOTION TO QUASH AND FOR
PROTECTIVE ORDER;
CASE NO. 11-CR-00471-DLJ (PSG)

1    (holding that "[a] document does not become admissible simply because it is helpful" and

2    quashing subpoena for documents that might show third party was "mastermind" of fraudulent

3    scheme in which defendant participated).

4          Here, the defendants have made no effort to satisfy their burden to demonstrate that the

5    materials sought would be admissible at trial.  Indeed, the Subpoena draws no distinction between

6    admissible and inadmissible documents; it simply demands the entirety of eBay's files relating to

7    the DDoS attacks.  Moreover, it is evident from the nature of the requests that many of the

8    documents sought by the Subpoena would be inadmissible on hearsay grounds, attorney-client

9    privilege and the work product doctrine.  Accordingly, the Subpoena should be quashed for

10   defendants' failure to establish admissibility.

11         For instance, Request No. 2 seeks "[a]ll documents, including written and electronic mail,

12   and including notes or memoranda of meetings or conversations relating to evaluation of loss or

13   damage caused by the DDOS attacks referenced above, including but not limited to investigation

14   and communication related to the preparation of the SEC Form 8-K report dated 1/19/11 and SEC

15   Form 10-K report for the fiscal year ending 12/31/2010."  (Dunning Decl., Ex. A.)  Defendants

16   fail, of course, to specify the actual contents of this broad category of documents or why they

17   would be relevant to the defense.  Regardless, eBay's out-of-court statements would obviously

18   constitute inadmissible hearsay if offered for their truth.  Defendants do not even acknowledge

19   the hearsay problem with this request, much less identify an applicable exception to the hearsay

20   rule that would allow such materials to be offered as evidence at trial.  *See Cuthbertson*, 630 F.2d

21   at 195 (requiring the subpoenaing party to prove that the documents sought are subject to a

22   hearsay exception); *Skilling*, 2006 WL 1006622, at *4 (same).

23         Similarly, it is highly likely that at least some of the documents sought by Request No. 2 –

24   e.g., communications relating to the preparation of eBay's public filings with the SEC – reflect

25   the solicitation and provision of legal advice by counsel.  So, too, do documents responsive to

26   Request No. 3.  (*See* Dunning Decl., Ex. A (seeking "[a]ll documents . . . including written and

27   electronic mail and notes or memoranda or meetings or conversations reflecting PayPal/eBay

28   investigations of the above referenced DDOS attacks, including but not limited to investigation

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1091032 v4/HN

11.

NOTICE/MOTION TO QUASH AND FOR
PROTECTIVE ORDER;
CASE NO. 11-CR-00471-DLJ (PSG)

by PayPal/eBay employees, consultants and contractors"). Such communications and materials would be protected by the attorney-client privilege and/or work product doctrine, as would any notes or memoranda of any such meetings or conversations containing attorney impressions or advice prepared in anticipation of litigation. Such materials are not the proper subject of a Rule 17(c) subpoena, and the Subpoena should be quashed to the extent it seeks privileged communications and/or work product. *Reyes*, 239 F.R.D. at 598 (a Rule 17(c) subpoena "should be quashed or modified if it calls for privileged matter"); *see also United States v. Tomison*, 969 F. Supp. 587, 597 (E.D. Cal. 1997) (quashing Rule 17(c) subpoena directed to privileged materials, namely counsel's confidential notes regarding client interviews, prepared at the direction of the client for the purpose of providing legal advice).

### 4. The Subpoena should be quashed to the extent it seeks documents that are publicly available or in the possession of the Government

Defendants may not use Rule 17(c) to seek materials available from other sources. *United States v. Eden*, 659 F.2d 1376, 1381 (9th Cir. 1981) ("[T]o justify a subpoena for production before trial, the proponent must also demonstrate that the subpoenaed materials are not available from any other source."); *see also Nixon*, 418 U.S. at 700; *Arditti*, 955 F.2d at 331.

Here, Request No. 7 seeks, "[a]ll public communications, including but not limited to press releases, relating to the above referenced DDOS attacks." (Dunning Decl., Ex. A). eBay should not be required to search its files or the files of its employees to locate public documents that the defendants could obtain themselves through a simple search of the Internet. Moreover, eBay is informed that defendants have sought from the Government, and that the Government is preparing to produce, the documents sought by Request No. 9: "Documents of the public and private IP addresses of all servers and network hardware that received traffic as a result of the above referenced DDOS attacks." (Dunning Decl. Ex. A.) The defendants cannot subpoena documents from eBay under Rule 17(c) that they expect to obtain from the Government.[1]

---

[1] The Subpoena should also be quashed as defendants also have made no attempt to show that they cannot properly prepare for trial without the documents. *See Ball*, 1999 WL 974028, at *3 (citations omitted).

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1091032 v4/HN

12.

NOTICE/MOTION TO QUASH AND FOR
PROTECTIVE ORDER;
CASE NO. 11-CR-00471-DLJ (PSG)

**5.     The Subpoena should be quashed as unreasonable and oppressive**

Rule 17(c)(2) expressly provides that a subpoena may also be quashed if it is "unreasonable or oppressive." *See, e.g., Kalter*, 5 F.3d at 1169 (quashing subpoena when burden of producing records sought greatly outweighed any relevance documents might have to case).

Here, and as noted above, the Subpoena is unreasonably broad, seeks irrelevant and inadmissible evidence, and constitutes an improper fishing expedition. As drafted, the Subpoena would require eBay's attorneys to interview numerous employees who participated in investigating or defending against the DDoS attacks (*see, e.g.*, Dunning Decl., Ex. A, Request Nos. 1–3) so that eBay can ascertain whether they have documents relating in any way to the attacks and then collect, review and produce those documents to defendants irrespective of their relevance and admissibility. The Subpoena also would require eBay to collect and produce an enormous volume of highly technical electronic information, the relevance of which is nowhere specified. For instance, Request Nos. 11 and 12 purport to require eBay to collect "load logs and reports" from *every* server, outer, switch, network card or other network hardware "claimed to have received traffic" from the DDoS attacks. (Dunning Decl. ¶ A.) That is literally hundreds, if not thousands, of devices and terabytes of data. Such a task would be extraordinarily expensive, time consuming and intrusive, and like the attacks perpetrated on PayPal by the defendants, would divert substantial employee time and management attention from core business activities.

Given the overbreadth of the Subpoena and defendants' complete failure to explain why the documents sought are relevant to their defense and likely to be admitted at trial, requiring eBay to undertake such efforts would be unreasonable and oppressive, and the Subpoena should be quashed for this additional reason.

**B.     If the Subpoena Is Not Quashed In Its Entirety, It Should Be Modified To Lessen the Burden Imposed on eBay**

As discussed above, eBay respectfully submits that the Subpoena should be quashed in its entirety. However, short of such relief, eBay should only be required to produce certain non-privileged documents responsive to the Subpoena subject to the modifications set forth below and in accordance with an appropriate protective order.

Cooley LLP
Attorneys At Law
Palo Alto

1091032 v4/HN

13.

Notice/Motion to Quash and for
Protective order;
Case No. 11-CR-00471-DLJ (PSG)

**Request No. 1:  All documents as defined in Federal Rule of Evidence 1001(1) including written and electronic mail maintained by eBay/PayPal mentioning or relating to distributed denial of service attacks ("DDOS") on PayPal sites and systems occurring from November 20, 2010 to December 30, 2010.**

Given the extreme overbreadth and lack of specificity of this Request, defendants' utter failure to explain why the documents sought are relevant to their defense and likely to be admitted at trial, and the unreasonableness and overall burden of this Request when balanced against the sensitive nature of documents included in this Request, this Request should be quashed in its entirety.  eBay notes, however, that many, if not all, of the remaining requests are subsumed within this request and, to the extent production in response to those requests is ordered, those documents would, by definition, be responsive to Request No. 1 as well.

**Request No. 2:  All documents, including written and electronic mail, and including notes or memoranda of meetings or conversations relating to evaluation of loss or damage caused by the DDOS attacks referenced above, including but not limited to investigation and communication related to the preparation of the SEC Form 8-K report dated 1/19/11 and SEC Form 10-K report for the fiscal year ending 12/31/2010.**

Given the overbreadth and lack of specificity of this Request, defendants' utter failure to explain why the documents sought are relevant to their defense and likely to be admitted at trial, and the unreasonableness and overall burden of this Request when balanced against the sensitive nature of documents included in this Request, this Request should be modified and limited to non-privileged documents sufficient to show eBay's evaluation of loss or damage caused by the DDoS attacks.

**Request No. 3:  All documents as defined in Federal Rule of Evidence 1001(1) including written and electronic mail and notes or memoranda of meetings or conversations reflecting PayPal/eBay investigations of the above referenced DDOS attacks, including but not limited to investigation by PayPal/eBay employees, consultants and contractors.**

Given the overbreadth and lack of specificity of this Request, defendants' utter failure to explain why the documents sought are relevant to their defense and likely to be admitted at trial, the clearly privileged nature of certain of the documents sought, the fact that the Request purports to require eBay to produce documents outside of its possession, custody or control, and the

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1091032 v4/HN

14.

NOTICE/MOTION TO QUASH AND FOR
PROTECTIVE ORDER;
CASE NO. 11-CR-00471-DLJ (PSG)

1   unreasonableness and overall burden of this Request when balanced against the sensitive nature

2   of documents included in this Request, this Request should be quashed in its entirety.

3       **Request No. 4:** All chat room logs or recordings relating to the above
        referenced DDOS attacks gathered by PayPal/eBay employees, consultants or
4       contractors or provided to PayPal/eBay by any third parties.

5       Given the overbreadth and lack of specificity of this Request and defendants' utter failure

6   to explain why the documents sought are relevant to their defense and likely to be admitted at

7   trial, this Request should be modified and limited to logs of chat rooms or recordings gathered by

8   eBay employees in which defendants and/or Anonymous discussed or planned the DDoS attacks

9   against PayPal.

10      **Request No. 5:** All summaries of chat room conversations prepared by
        PayPal employees, contractors or consultants.
11

12      Given the overbreadth and lack of specificity of this Request, the potentially privileged

13  nature of the information sought, and defendants' utter failure to explain why the documents

14  sought are relevant to their defense and likely to be admitted at trial, this Request should be

15  modified and limited to non-privileged documents within eBay's possession, custody or control

16  constituting summaries of chat room conversations in which defendants and/or Anonymous

17  discussed or planned the DDoS attacks against PayPal.

18      **Request No. 6:** All communications between PayPal employees, consultants
        or contractors and law enforcement relating to the above referenced DDOS
19      attacks.

20      Given the overbreadth and lack of specificity of this Request, defendants' utter failure to

21  explain why the documents sought are relevant to their defense and likely to be admitted at trial,

22  defendants' failure to address the obvious hearsay problem, and the fact that such documents

23  presumably are available from the Government, this Request should be quashed in its entirety.

24      **Request No. 7:** All public communications, including but not limited to press
        releases, relating to the above referenced DDOS attacks.
25

26      eBay has already produced to defendants documents responsive to this request.  Given

27  that the documents sought are publicly available on eBay's website and elsewhere, eBay should

28

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1091032 v4/HN                    15.                    NOTICE/MOTION TO QUASH AND FOR
                                                        PROTECTIVE ORDER;
                                                        CASE NO. 11-CR-00471-DLJ (PSG)

1   not be required to search for, collect, review and produce any additional documents that may be

2   responsive to this request.

3       **Request No. 8:  Documentation of PayPal's network architecture as it existed in November and December of 2010, including but not limited to network maps, CPU load sharing hardware and software, network traffic load sharing hardware and software, and security hardware and software.**

4

5

6       Given the overbreadth and lack of specificity of this Request, defendants' utter failure to

7   explain why the documents sought are relevant to their defense and likely to be admitted at trial,

8   the fact that this information, if disclosed, would place eBay at substantial risk of further DDoS

9   attacks, and the unreasonableness and overall burden of this Request when balanced against the

10  sensitive nature of documents included in this Request, this Request should be quashed in its

11  entirety.

12      **Request No. 9:  Documentation of the public and private IP addresses of all servers and network hardware that received traffic as a result of the above referenced DDOS attacks.**

13

14      Given that defendants have sought and expect to receive these documents from the

15  Government, eBay should not have to undertake the expensive, burdensome and duplicative task

16  of searching for, collecting, reviewing and producing these documents.  This Request should

17  therefore be quashed in its entirety.

18      **Request No. 10:  The model information and hardware specifications of all servers that received traffic as a result of the DDOS attacks referenced above**

19

20      Given the overbreadth and lack of specificity of this Request, defendants' utter failure to

21  explain why the documents sought are relevant to their defense and likely to be admitted at trial,

22  the fact that this information, if disclosed, would place eBay at substantial risk of further DDoS

23  attacks, and the unreasonableness and overall burden of this Request when balanced against the

24  sensitive nature of documents included in this Request, this Request should be quashed in its

25  entirety.

26  ///

27  ///

28  ///

Cooley LLP
Attorneys At Law
Palo Alto

1091032 v4/HN

16.

NOTICE/MOTION TO QUASH AND FOR
PROTECTIVE ORDER;
CASE NO. 11-CR-00471-DLJ (PSG)

**Request No. 11:  Individual and aggregate CPU load logs and reports of all servers and other hardware claimed to have received traffic from the above referenced DDOS attacks.**

Given the overbreadth and lack of specificity of this Request, defendants' utter failure to explain why the documents sought are relevant to their defense and likely to be admitted at trial, the fact that collecting such information from individual servers and hardware devices entails collecting terabytes of data from hundreds, if not thousands, of devices, and the unreasonableness and overall burden of this Request when balanced against the sensitive nature of documents included in this Request, this Request should be quashed in its entirety.  However, if ordered to do so, eBay will be prepared to produce aggregate network load reports for November 20, 2010 through December 31, 2010.

**Request No. 12:  Individual and aggregate network load and traffic logs and reports of the routers, switches, network cards or other network hardware claimed to have received traffic from the above referenced DDOS attacks.**

Given the overbreadth and lack of specificity of this Request, defendants' utter failure to explain why the documents sought are relevant to their defense and likely to be admitted at trial, the fact that collecting such information from individual servers and hardware devices entails collecting terabytes of data from hundreds, if not thousands, of devices, and the unreasonableness and overall burden of this Request when balanced against the sensitive nature of documents included in this Request, this Request should be quashed in its entirety.  However, if ordered to do so, eBay will be prepared to produce aggregate network load reports for November 20, 2010 through December 31, 2010.

**Request No. 13:  All information, whether in the form of logs or reports, collected by the Radware security device between November 1, 2010 and December 31, 2010.**

Given the overbreadth and lack of specificity of this Request, defendants' utter failure to explain why the documents sought are relevant to their defense and likely to be admitted at trial, the incredible volume of the data sought by this Request, and the unreasonableness and overall burden of this Request when balanced against the sensitive nature of documents included in this Request, this Request should quashed in its entirety.  However, if ordered to do so, eBay will be

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1091032 v4/HN

17.

NOTICE/MOTION TO QUASH AND FOR
PROTECTIVE ORDER;
CASE NO. 11-CR-00471-DLJ (PSG)

1    prepared to produce aggregate network load reports for November 20, 2010 through December

2    31, 2010.

3        **C.    The Court Should Enter eBay's Proposed Protective Order if the Subpoena is
              Not Quashed**

4

5        If the Subpoena is not quashed and eBay is ordered to produce documents in response

6    thereto, all parties agree that a protective order should be entered by the Court to govern use and

7    disclosure of those documents. (*See* Section II.B., *supra*, at 4–5.) eBay has proposed a protective

8    order that would enable it to designate certain highly sensitive information as Attorneys' Eyes

9    Only (that is, permitting defense counsel, but not defendants, themselves, from seeing or

10   possessing the documents). As demonstrated below, such protection is critical to safeguard

11   eBay's websites and network from further DDoS attacks by defendants or others. Although eBay

12   understands that Mr. Miles and other defendants in this action are amenable to such an order,

13   counsel for Mr. Covelli has stated that his client opposes such restrictions. (Dunning Decl., ¶¶ 3

14   & 6.) Accordingly, pursuant to the Court's instructions, eBay is seeking entry of its proposed

15   protective order by noticed motion.

16       **1.    The Court has discretion to enter a protective order for good cause to
              prevent disclosure of Rule 17 material**

17

18       As counsel for Mr. Covelli correctly points out, Rule 17 does not establish a standard for

19   when a protective order may issue. (Dkt. No. 399 at 2 n.2.) However, Federal Rule of Criminal

20   Procedure 16(d)(1) provides that "[a]t any time the court may, for good cause, deny, restrict, or

21   defer discovery or inspection, or grant other appropriate relief." As Rule 17(c) cannot be used to

22   undercut the "strict limitation of discovery in criminal cases found in [Rule 16]," *Cuthbertson*,

23   630 F.2d at 146, it follows that the court must also have discretion under Rule 17 to enter a

24   protective for good cause. *Id.*; *see also Alderman v. United States*, 394 U.S. 165, 185 (1969)

25   ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under

26   enforceable orders against unwarranted disclosure of the materials which they may be entitled to

27   inspect."); *Bittaker v. Woodford*, 331 F.3d 715, 726 (9th Cir. 2003) ("The power of courts . . . to

28   delimit how parties may use information obtained through the court's power of compulsion is of

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1091032 v4/HN

18.

NOTICE/MOTION TO QUASH AND FOR
PROTECTIVE ORDER;
CASE NO. 11-CR-00471-DLJ (PSG)

long standing and well-accepted.")  Moreover, the Third Circuit and two recent district court cases from within the Ninth Circuit have held that the good cause requirement in criminal cases is essentially equivalent to the "good cause" requirement found in Federal Rule of Civil Procedure 26(c).[2]  *United States v. Wecht,* 484 F.3d 194, 211 (3d Cir. 2007); *United States v. Patkar,* Cr. No. 06-00250 JMS, 2008 WL 233062, at *4 (D. Haw. Jan. 28, 2008); *United States v. Arredondo,* CR-12-1055PHX-FJM (LOA), 2012 WL 1946955 (D. Ariz. May 30, 2012).

### 2.  Good cause exists for entry of eBay's proposed protective order

In deciding whether good cause exists for entry of a protective order, the court should "undertake [an] 'individualized balancing of the many interests that may be present in a particular case.'"  *Klayman v. Judicial Watch,* 247 F.R.D. 19, 24 (D.D.C. 2007) (citation omitted).  In a criminal case, the court should seek to ensure that disclosure of discovery materials to a defendant "involve[s] a minimum hazard to others." *Alderman,* 394 U.S. at 185.  Accordingly, good cause "is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure."  *Wecht,* 484 F.3d at 211.  A court should also consider whether the imposition of the protective order would prejudice the defendant.  *See, e.g., United States v. Davis,* 809 F.2d 1194, 1210 (6th Cir. 1987) (requiring the defendant to "demonstrate substantial prejudice" from imposition of a Rule 16 protective order).  Finally, "[t]he good cause determination must also balance the public's interest in the information against the injuries that disclosure would cause."  *Wecht,* 484 F.3d at 211 (citation omitted).  The federal rules "confer[] broad discretion on the [district] court to decide when a protective order is appropriate and what degree of protection is required." *Misc. Dkt. Matter 1 v. Misc. Dkt. Matter 2,* 197 F.3d 922, 925 (8th Cir. 1999) (citing *Seattle Times Co. v. Rhinehard,* 467 U.S. 20, 36 (1984)).

---

[2] Rule 26(c) provides in relevant part:

> The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place, for the disclosure or discovery; . . . (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; . . . (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . .

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1091032 v4/HN

19.

NOTICE/MOTION TO QUASH AND FOR
PROTECTIVE ORDER;
CASE NO. 11-CR-00471-DLJ (PSG)

Here, there can be no legitimate dispute that many of the documents sought by the Subpoena are extremely sensitive in nature. This case involves allegations that defendants intentionally conspired to disrupt and damage PayPal's business through a DDoS attack designed to take down PayPal's website. eBay and PayPal are not just third parties, they are the intended and actual victims of the crime at issue. Requiring eBay to turn over to defendants the extremely sensitive information sought by the Subpoena (which, if not quashed or modified, would include documents and information as to how eBay learned of the attack, the results of its investigation into how the attack was carried out, eBay's efforts to defend against and remediate the attack, and documentation and product specifications for eBay's security hardware and software), necessarily arms defendants, Anonymous and others who share their desire to harm eBay with information that would facilitate hacking attacks in the future and allow them to supersede eBay's investigative and protective measures. Accordingly, the viability and success of eBay's entire online business depends heavily on eBay's ability to carefully guard access to such information and prevent would-be hackers like defendants from obtaining, using or disclosing it.

Defendants have failed to come forward with any justification for seeking these documents and information, much less one that would override eBay's significant and legitimate interest in ensuring that the documents are withheld from the persons who attacked eBay. Nor have defendants identified any interest that the public may have in the content of such pre-trial discovery documents.

Courts routinely enter Attorneys' Eyes Only protective orders in criminal cases to protect the alleged victims of defendants' crimes by restricting access to sensitive information to defense counsel, not defendants. For instance, in *United States v. Eldridge*, No. 09 CR 329A, 2010 WL 3749060, at *6 (W.D.N.Y. Sept. 10, 2010), the defendant sought a bill of particulars from the Government of information allegedly necessary to prepare his defense. The court agreed that the Government should be required to disclose the identities of defendants' victims and the property purportedly stolen by the respective defendants, but held explicitly that such disclosure "shall be made for attorneys eyes only. Counsel shall not disclose the identities of the victims or the nature of the stolen property to the defendant." *Id.* at *8; *see also United States v. Armstrong*, No. C 11-

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1091032 v4/HN                                    20.

NOTICE/MOTION TO QUASH AND FOR
PROTECTIVE ORDER;
CASE NO. 11-CR-00471-DLJ (PSG)

1    777 PJH (DMR), 2012 WL 4953079, at *2 (N.D. Cal. Oct. 17, 2012) (ordering the government to

2    turn over a confidential witness name and birth date to defense counsel subject to a protective

3    order "which grants access solely to the defense team (and not Defendant), mandates that the

4    information be kept confidential, prohibits use of the information outside of this case, and

5    requests the defense team to take reasonable steps in conducting the investigation to protect the

6    witness' identity).

7          Similarly, in *United States v. Lee*, 374 F.3d 637, 652 (8th Cir. 2004), the defendant

8    argued, among other things, that his discovery rights were violated when the district court entered

9    an order prohibiting counsel from allowing him to view or retain discovery materials.  The Eighth

10   Circuit rejected this argument and upheld the protective order, stating:

11          Under Fed. R. Crim. P. 16(d), a district court may for good cause limit a
            defendant's discovery . . . .  As a general rule counsel cannot be prevented from
12          assisting the accused during a critical stage of the proceeding or be banned from
            all communications with the defendant for any period time.  [Citation omitted.]
13          Here, the district court found good cause for limiting Lee's access to discovery
14          materials based on the government's argument that Lee was a danger to potential
            witnesses.  Its order was not a blanket proscription against Lee communicating
15          with counsel, however.  The order prevented Lee from accessing discovery
            documents and the names of witnesses, but it permitted him to be informed about
16          all other matters and to discuss them with counsel. . . . The district court's order
            limiting discovery was not plain error because it did not impermissibly limit Lee's
17          communications with his attorneys.

18

19   *Id.*  eBay's proposed protective order, which limits defendants' discovery in the same manner,

20   achieves the same balance of interests.

21          *United States v. Rezaq* is also instructive.  156 F.R.D. 514 (D.D.C. 1994), *vacated in part*

22   *on other grounds*, 899 F. Supp. 2d 697 (D.D.C. 1995).  There, the district court held that

23   disclosure of the information sought by the defendant, which the Government asserted

24   implicated national security interests, would be limited for good cause under Rule 16(d) to

25   "defendant's counsel, not to defendant himself, unless this court exempts specific evidence from

26   the bar in the future."  *Id.* at 524.  The court explained its reasoning as follows:

27          The United States has reason to fear disclosing to Mr. Rezaq the sensitive
            information at stake here. . . . The protective order, which generally limits

28

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1091032 v4/HN

21.

NOTICE/MOTION TO QUASH AND FOR
PROTECTIVE ORDER;
CASE NO. 11-CR-00471-DLJ (PSG)

disclosure to Mr. Rezaq's counsel, avoids that harm without prejudicing his defense. Even without Mr. Rezaq's personal knowledge of national secrets at issue, defendant's counsel can construct most of his defense perfectly well. . . . To the extent that defendant himself does need to know the information for his defense, paragraph 10(f) of the protective order permits warranted disclosures. Under paragraph 10(f), defendant's counsel may seek the court's permission to disclose certain evidence to defendant, and the United States may oppose such disclosure.

*Id.* As in *Rezaq*, the protective order proposed by eBay requires eBay to assign designations in good faith and specifically permits defendants to challenge eBay's Attorneys' Eyes Only designation with respect to any documents defendants believe do not warrant such protection, and places the burden on eBay to justify the designation. (Dunning Decl., Ex. C ¶¶ __.)

In sum, limiting disclosure of certain of the documents sought by the Subpoena to defense counsel, subject to the substantial protections built into eBay's proposed protective order, is critical to the security and viability of eBay's business and will not harm defendants' ability to put on a defense or otherwise violate defendants' constitutional rights. Accordingly, eBay respectfully submits that, to the extent it is required to produce documents in response to all or any portion of the Subpoena, the Court should enter eBay's proposed protective order to govern and protect that production.

## IV. CONCLUSION

For the foregoing reasons, eBay respectfully requests that the Court quash the Subpoena in its entirety. In the alternative, the Court should modify the Subpoena to limit the materials discoverable thereunder as specified in Section III.B. above and enter a Protective Order substantially in the form of Exhibit C to the Dunning Declaration to govern eBay's production of documents and information in response to the modified Subpoena.

Dated: January 17, 2013                    COOLEY LLP

                                           By: _____
                                               Angela L. Dunning

                                           Attorneys for eBAY INC. and PAYPAL INC.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1091032 v4/HN                    22.

NOTICE/MOTION TO QUASH AND FOR
PROTECTIVE ORDER;
CASE NO. 11-CR-00471-DLJ (PSG)