MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

MATTHEW A. PARRELLA (NYBN 2040855)
HANLEY CHEW (CABN 189985)
Assistant United States Attorneys

   150 Almaden Blvd., 9th Floor
   San Jose, California 95113
   Telephone: (408) 535-5042
   FAX: (408) 535-5066
   matthew.parrella@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSHUA COVELLI, <br><br> Defendant. | No. CR 11-00471-DLJ <br><br> **OPPOSITION TO DEFENDANT'S MOTION FOR MODIFICATION OF TERMS AND CONDITIONS OF PRETRIAL RELEASE TO REQUIRE NOTIFICATION TO ATTORNEY PRIOR TO CONTACT** |

**I. INTRODUCTION AND STATEMENT OF THE CASE**

   On July 13, 2011, the federal Grand Jury in San Jose returned a fifteen-count indictment against defendant Joshua Covelli ("defendant") and thirteen other defendants for conspiracy to cause damage to a protected computer, in violation of 18 U.S.C. §§ 1030(b) & (c)(4)(A)(i)(I), and aiding and abetting causing intentional damage to a protected computer, in violation of 18 U.S.C. §§ 1030 §§ 1030(a)(5)(A), (c)(4)(A)(i)(I), (c)(4)(B)(i) & (2).

   Defendant made his initial appearance in the Northern District of California on

GOVT OPP. TO DEF. MOT.
CR 11-00471-DLJ

September 1, 2011. Defendant was released on an unsecured bond and ordered to continue drug testing as a condition of his release. On May 23, 2012, this Court signed a modification proposed by the United States Pretrial Services Office ("Pretrial Services") ordering defendant to participate in substance abuse and mental health treatment as directed by Pretrial Services. On August 23, 2012, in response to allegations that defendant had smoked marijuana in multiple instances, this Court held a bail review and ordered defendant to reside in a San Francisco Halfway House until the next status conference in the case. On September 20, 2012, the Court held a status conference and ordered defendant to reside with his mother or grandmother and referred to mental health treatment and medication monitoring. On November 9, 2012, in response to additional allegations that defendant had repeatedly smoked marijuana, the Court ordered defendant to be placed at New Bridge for drug treatment.

On November 30, 2012, defendant filed a motion to require Pretrial Services to notify his counsel before they engaged in any discussions with him and permit his counsel to be present at all such discussions unless their presence was expressly waived. On December 20, 2012, this Court held a hearing on defendant's motion and requested supplemental briefing on the issue.

Defendant's motion is without merit. There is no constitutional violation when Pretrial Services speaks with defendant without his counsel present. In addition, defendant's proposed modification would impose an undue burden on Pretrial Services that severely impair the flexibility that Pretrial Services requires to supervise defendants on pretrial release effectively.

Thus, this Court should deny defendant's motion to require his counsel presence at all interviews and discussions with Pretrial Services.

**II. ARGUMENT**

    **A.    There Is No Constitutional Violation When Pretrial Services Speaks With Defendant Without His Counsel Present.**

The Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. Amend. VI. The Sixth Amendment right to counsel attaches only during the critical stages of the prosecution.

GOVT OPP. TO DEF. MOT.
CR 11-00471-DLJ

See Kirby v. Illinois, 406 U.S. 682, 690 (1972).  The Supreme Court has defined a "critical stage" of a prosecution as any "stage of a criminal proceeding where substantial rights of a criminal accused may be affected." Mempa v. Rhay, 389 U.S. 128, 134 (1967).  The Supreme Court has identified psychiatric interviews, Estelle v. Smith, 451 U.S. 454, 474 (1981); pretrial lineup, United States v. Wade, 388 U.S. 218, 224-25 (1967);  preliminary hearings, White v. Maryland, 373 U.S. 59, 60 (1963); sentencing, Mempa, 389 at 134; and appeals, Douglas v. California, 372 U.S. 353, 355-56 (1963), as critical stages.

Defendant argues that he is entitled to counsel at all interviews and discussions with Pretrial Services because those interviews and discussions may affect his custodial status. Defendant's argument is erroneous.

The Sixth Amendment right to counsel is not as broad as characterized by defendant. Interviews with Pretrial Services, including those related to possible violations of the terms and conditions of pretrial release, do not constitute critical stages of the prosecution that cause the Sixth Amendment right of counsel to attach.  Such interviews are not adversarial legal proceedings where a defendant is entitled to, or requires, the assistance of an attorney. Defendant's own legal authority supports this proposition.  In the cases cited by the defendant, statements by criminal defendants to Pretrial Services (presumably made without counsel) were used to prosecute a new offense, impeach at trial, or support a sentencing enhancement.  See United States v. Manning, 2012 WL 587175 (9th Cir. Nov. 21, 2012); United States v. De La Torre, 599 F.3d 1198 (10th Cir. 2010); United States v. Griffith, 385 F.3d 124, 126 (2d Cir. 2004); United States v. Stevens, 935 F.2d 1380 (3d Cir. 1991); United States v. Wilson, 930 F.2d 616 (8th Cir. 1991).  The statements to Pretrial Services affected the custodial status of the defendants making them.  However, none of those courts found that Pretrial Services violated the defendants' Sixth Amendment right to counsel.[1]

---

[1] In addition, the Sixth Amendment right to counsel is not absolute in all proceedings that may result in a loss of liberty.  See Middendorf v. Henry, 425 U.S. 25 (1976) (holding no due process right to counsel in summary court-martial proceedings).

GOVT OPP. TO DEF. MOT.
CR 11-00471-DLJ

Moreover, the Sixth Amendment right to counsel is "offense-specific" and "cannot be invoked once for all future prosecutions, for it does not attach until a prosecution is commenced, that is, 'at or after the initiation of adversary judicial criminal proceedings - whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.'" McNeil v. Wisconsin, 501 U.S. 171, 175 (1991). The Sixth Amendment right to counsel also includes any other offenses that constitute the "same offense" under the Blockburger test. See Texas v. Cobb, 532 162, 167-73 (2001); Blockburger v. United States, 284 U.S. 299, 304 (1932).

Based upon McNeil, the Sixth Amendment right to counsel does not apply to interviews with Pretrial Services concerning possible violations of the terms and conditions of defendant's pretrial release. When Pretrial Services is interviewing the defendant for possible violations, it is simply engaging in an investigation. No formal charges of a violation of the terms and conditions of pretrial release have been alleged and no adversarial proceedings of any sort have been commenced as yet. Moreover, the conduct that Pretrial Services is investigating does not involve the offense for which the defendant has been charged. The conduct is new and separate from the purported offense conduct. Indeed, Pretrial Services has a policy of expressly not asking defendant about the conduct with which he or she is charged.

Similarly, the Fifth Amendment is not implicated when Pretrial Services interviews or engages in discussions with the defendant.

The Fifth Amendment require the government to cease questioning an individual if he invokes his right to remain silent and permits the government to reopen questioning only if the individual consents. See Michigan v. Mosley, 423 U.S. 96, 104 (1975). The seminal case of Miranda v. Arizona, 384 U.S. 436 (1966), stands for the proposition that a suspect in custody has a constitutional right under the Fifth Amendment to remain silent. See U.S. Const. Amend. V. The protections outlined in Miranda apply only when a suspect undergoes a "custodial interrogation." Miranda, 384 U.S. at 444. The Supreme Court has defined a "custodial interrogation" as "questioning initiated by law enforcement after a person has been taken into

custody or otherwise deprived of his freedom in any significant way." Id.

Miranda does not apply to interviews of the defendant by Pretrial Services for two reasons. First, contrary to defendant's characterization, Pretrial Services is not part of law enforcement. It is not an agent of law enforcement. Nor does it act on behalf of law enforcement. Pretrial Services is an arm of the judiciary. Thus, statements made by the defendant to Pretrial Services do not implicate the Fifth Amendment. See United States v. Jackson, 886 F.2d 838, 841 n.4 (7th Cir. 1989) (finding that the "the fifth amendment was not implicated" by custodial statements made to probation officer, because a probation officer is not someone who "acts on behalf of the prosecution"). Second, even if Pretrial Services was somehow acting on the part of law enforcement, any statements made by the defendant to Pretrial Services are not statements that were made in custody.

Therefore, there is no constitutional violation when Pretrial Services speaks with the defendant without his counsel being present.

### B.  Pretrial Services Requires Flexibility In Supervising Defendants On Pretrial Release.

Pretrial Services has a difficult task in supervising defendants. It deals on a daily basis with constantly changing situations. Pretrial Services needs discretion in determining how best to supervise defendants and flexibility in determining how best to respond to these evolving situations as they arise. There may be unforseen circumstances, such as emergencies, that require Pretrial Services to speak with defendants immediately. Conversely, there may be numerous times when Pretrial Services may need to speak to defendants on administrative matters, such as scheduling appointments. Requiring Pretrial Services to contact defendants' attorneys prior to speaking to defendants would impose an undue burden on Pretrial Services and render supervision unwieldy and unworkable. Defendant's proposed modification would deprive Pretrial Services of the discretion and flexibility it requires to supervise defendants on pretrial release effectively.

GOVT OPP. TO DEF. MOT.
CR 11-00471-DLJ

### III.  CONCLUSION

For the foregoing reasons, this Court should deny defendant's motion for modification of the conditions of his pretrial release to require Pretrial Services to contact his attorney before speaking with him.

DATED: January 18, 2013            Respectfully submitted,

MELINDA HAAG
United States Attorney


                /s/
MATTHEW A. PARRELLA
HANLEY CHEW
Assistant United States Attorney

GOVT OPP. TO DEF. MOT.
CR 11-00471-DLJ